915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Christopher C. TRUNDY, et al., Plaintiffs, Appellants,
v.
Richard STRUMSKY, et al.,
Defendants, Appellees.
 No. 90-1228.
 United States Court of Appeals, First Circuit.
 Sept. 26, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts; William G. Young, District Judge.
 Christopher C. Trundy, on brief pro se.
 Paul J. McDonald and Steinkrauss & McDonald on brief, for appellees Richard Strumsky, Joanne Strumsky and Wayne Krupsky.
 Gary Ritter on brief, for appellees Edward McCormick and Debra McCormick.
 Sidney J. Dockser, on brief pro se.
 D.Mass.
 AFFIRMED IN PART, VACATED AND REMANDED.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal of a grant of summary judgment in a case brought under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961 et seq. The plaintiff, Christopher Trundy, and four of the defendants (Richard and Joanne Strumsky, and Edward and Deborah McCormick) were partners in a debt collection agency called National Equity Corporation. The other defendants are Sidney Dockser, an attorney who represented the Strumskys and McCormicks for a time in their dispute with the plaintiff, and Wayne Krupsky, an accountant who performed certain services for National Equity. Trundy claims that the defendants conspired to deprive him of his majority interest in National Equity, that his partners and Dockser then committed acts of extortion and conversion to carry out their plan, and that Krupsky aided the scheme by participating in two acts of mail fraud involving the submission of fraudulent tax documents.
 
 
 2
 * As to defendant Krupsky, we think that summary judgment was properly granted. Krupsky "put the ball in play" by filing a motion for summary judgment averring an absence of evidence to support Trundy's case against him. See Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir.1990). Since Trundy bore the ultimate burden of proof on his RICO claims, he was required on summary judgment to demonstrate the existence of specific facts sufficient to create an authentic dispute. Id. But Trundy's response to the motion consisted of nothing more than (1) an affidavit which recounted the work Krupsky had performed for National Equity, and asserted that Krupsky had continued to work for the Strumskys and North American Equity, and (2) certain documents which, Trundy contends, gave evidence of the two acts of mail fraud committed by Krupsky.
 
 
 3
 We agree with the district court that these submissions do not raise a "genuine issue" of material fact. They show at most that Krupsky participated in the commission of two acts of mail fraud, both virtually unrelated to the "predicate acts" of extortion allegedly committed by the other defendants, and thus completely insufficient either in themselves or together with the other defendants' alleged acts to form a "pattern of racketeering." See H.J., Inc. v. Northwestern Bell Telephone Co., 106 L.Ed.2d 195, 207-08 (1989) (to constitute a pattern of racketeering, predicate acts must be related and either amount to or pose a threat of continuing activity).
 
 
 4
 Nor was the evidence sufficient to send the case to a jury on the theory that Krupsky conspired with the other defendants to violate a substantive RICO provision. Given Krupsky's peripheral role in National Equity and in the alleged scheme, any inference of conspiracy to be drawn from his participation in the two acts of mail fraud would be surpassingly weak even if left unchallenged. Krupsky, moreover, did challenge that inference, with an affidavit in which he unequivocally denied participation in any conspiracy, and with documentary evidence to support his argument that his involvement with the company was professionally neutral and his participation in the alleged mail fraud ministerial rather than active. See O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467-68 (9th Cir.1986) (granting summary judgment to defendant who rebutted allegations of conspiracy by submitting probative evidence supporting an alternative interpretation of defendant's conduct). See also First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288 (1968). We conclude that no reasonable jury could have interpreted this record as proof that Krupsky conspired with the other defendants to violate a substantive provision of the RICO statute. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).
 
 II
 
 5
 The other five defendants stood in a different position than Krupsky in two significant respects. First, Trundy claimed that their acts of extortion and conversion, unlike Krupsky's mail fraud, were central to the alleged scheme. In addition, the partners and Dockser did not move for summary judgment. Only Krupsky did so, but the district court, reasoning that the defect in Trundy's case applied equally to all defendants, granted summary judgment sua sponte to the other defendants as well.
 
 
 6
 We recognize that the district court has the power to grant summary judgment sua sponte, but we have cautioned in the past that this power should be exercised sparingly:
 
 
 7
 For sua sponte summary judgment to be a viable option, discovery in the case must be sufficiently advanced and the party against whom judgment was ordered must have been on notice to bring forth all of its evidence on the essential elements of the critical claim or defense. "Notice" in this context means that the losing party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward. Doubts on this score should be resolved in the loser's favor; "great care must be exercised to assure that the [unsuccessful party] has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law." It is only after these preconditions have been met that the court can proceed to ascertain fairly whether a genuine issue of material fact does or does not exist.
 
 
 8
 Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1561 (1st Cir.1989) (internal citations omitted).
 
 
 9
 Here, we can find no order or paper that put Trundy on notice that he had to bring forward all of his evidence concerning his claims against the nonmoving defendants. See Bonilla v. Nazario, 843 F.2d 34, 37 (1st Cir.1988). Nor does it appear that Trundy ever made such a submission. Rather, it appears that the district court's account of the acts of extortion and conversion, on which it based the decision to grant summary judgment to the non-moving defendants, was drawn solely from the allegations in Trundy's amended complaint. Under these circumstances, we think that Trundy did not receive sufficient "notice," and that the district court erred in granting summary judgment sua sponte. Before the district court acts, Trundy must be given the opportunity to present such evidence as he might have against the nonmoving defendants, and to show (if he can) why they should not be granted summary judgment.
 
 
 10
 The grant of summary judgment is affirmed with respect to defendant Krupsky, and vacated (without prejudice) and remanded with respect to the other defendants for further proceedings consistent with this opinion.