April 27, 1995
[Not for Publication] [Not for Publication]

United States Court of Appeals United States Court of Appeals
For the First Circuit For the First Circuit

No. 94-2160

JAMES W. SEIFART,

Plaintiff, Appellant,

v.

HERBERT R. SKANE, ADMINISTRATOR,
MASSACHUSETTS STATE CARPENTERS PENSION FUND,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Boudin, Circuit Judge,
John R. Gibson,* Senior Circuit Judge,
and Stahl, Circuit Judge.

Frank J. McGee for appellant.
James F. Grosso with whom Orally & Grosso was on brief for
appellee.

*Of the Eighth Circuit, sitting by designation.

STAHL, Circuit Judge. Pursuant to 29 U.S.C.  STAHL, Circuit Judge.

1132(a)(1)(B), James W. Seifart brought this action against

the Administrator of the Massachusetts State Carpenters

Pension Fund ("Fund"), Herbert R. Skane, challenging the

denial of disability benefits. The district court granted

Skane's motion for summary judgment. We reverse.

I. I.

The parties do not dispute the facts. Seifart, a

carpenter, is a member of the International Brotherhood of

Carpenters and Joiners of America ("the union"). Until May

31, 1983, Seifart worked for employers who made pension

contributions on his behalf pursuant to collective-bargaining

agreements with the union. During this period, Seifart

accumulated 8.9 pension credits and 9.6 vesting credits.

After May 31, 1983, Seifart began employment with

the Boston Housing Authority ("BHA"). On May 8, 1991, while

still working for BHA, Seifart became disabled. In November

of that year, Seifart applied to the Fund for disability

pension. By letter dated November 14, 1991, Skane denied

disability benefits on the basis that Seifart had not

accumulated 140 hours of pension credits within a thirty-six

month period prior to the date of his disability, as Skane

claimed the union's pension plan ("the Plan") required.

Seifart began the present proceedings in Massachusetts

superior court. Skane removed to federal court. Both

-2- 2

parties moved for summary judgment and, as noted above, the

district court entered judgment for Skane. This appeal

followed.

II. II.

Our review of a summary judgment motion is plenary,

taking the record in the light most favorable to the

nonmovants and indulging all reasonable inferences in their

favor. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir.

1990). Summary judgment is appropriate if "there is no

genuine issue as to any material fact and . . . the moving

party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c).

Where, as here, the administrator or fiduciary of

an ERISA-regulated plan has "discretionary authority to

determine eligibility for benefits or to construe the terms

of the plan," we set aside a fiduciary's decisions only if

they are arbitrary and capricious. Firestone Tire & Rubber

Co. v. Bruch, 489 U.S. 101, 115 (1989).

The benefit provisions of an ERISA-regulated plan

are interpreted under principles of federal substantive law.

Bellino v. Schlumberger Technologies, Inc., 944 F.2d 26, 29

(1st Cir. 1991). Contract language in an ERISA action is to

be given its plain meaning, Hughes v. Boston Mut. Life Ins.

Co., 26 F.3d 264, 267-68 (1st Cir. 1994), and a court must

give reasonable effect to all terms and conditions, see,

-3- 3

e.g., Rodriguez-Abreu v. Chase Manhattan Bank, 986 F.2d 580,

586 (1st Cir. 1993).

At the heart of this controversy lies the

interpretation of section 3.10(b) of the Plan. Under that

provision, a participant may retire on a disability pension

if:

He has become disabled, as hereinafter
defined, after he has accumulated at
least 10 Pension Credits or 10 Vesting
Credits, which may include a maximum of
one Pension Credit or one Vesting Credit
granted under Section 4.01(c)(II), of
which 140 hours of such Pension Credit
was accumulated in the 36-month period
prior to the date of disability.

Under the provisions of the Plan, Seifart accrued

vesting credits, but not pension credits, for his years with

BHA. Accordingly, Seifart argues, he has 16.9 vesting

credits -- a point conceded by Skane in his brief -- and thus

qualifies under the language of the Plan. Skane argues,

however, that section 3.10(b) sets out a two-prong test: (1)

a participant must accumulate the requisite pension or

vesting credits, and (2) 140 hours of pension credits must

have been earned within the thirty-six months prior to the

date of disability.1 Skane argues that, because Seifart

earned no pension credits while working for the BHA, he fails

the second prong.



1. The district court apparently agreed with Skane's
interpretation of the Plan's language.

-4- 4

We think Skane's reading flies in the face of the

plain language of the Plan. Under the Plan, a participant

may qualify for disability retirement benefits by earning

pension credits or vesting credits; if a participant

qualifies by means of pension credits, then the 140-hour

requirement obtains. Here, the parties agree that Seifart

has earned more than ten vesting credits. Under the language

of the Plan, then, Seifart qualifies without reference to the

pension credit requirements.

Interpreting a contract in a manner contrary to its

clear language is arbitrary and capricious. See, e.g., De

Nobel v. Vitro Corp., 885 F.2d 1180, 1188 (4th Cir. 1989).

Skane did just that in this case, and accordingly, we reverse

the decision of the district court. That said, we note that

the district court appears to have addressed this case on the

premise that the 140-hour requirement applied to the

appellant. There is even a trace of this assumption in the

appellant's brief on appeal, and the appellee takes this

position for granted. We find the purpose and

interconnection of the pertinent provisions difficult to

discern. We have decided this case in light of what appears

to us to be the plain language of the plan, but the fact that

the parties have not discussed the seemingly crucial language

on which we base our holding leads us to invite a petition

for reconsideration if there is some reason why the language

-5- 5

should be taken to mean something that it does not appear to

say.

III. III.

For the foregoing reasons, the decision of the

district court is

reversed. reversed.

-6- 6