**HRPT PROPERTIES TRUST,**
Plaintiff, Appellee,

v.

**RANCHO CORDOVA, L.C., and MLC Properties, L.C., Defendants, Appellants, and Chicago Title Insurance Co, Defendant.**

No. 00–1844.

United States Court of Appeals, First Circuit.

July 12, 2001.

John P. Ashton, with whom James A. Boevers, Prince, Yeates & Geldzahler, James D. Smeallie, Daniel K. Hampton, and Holland & Knight, LLP were on brief, for appellants.

Patrick P. Dinardo, with whom Ramona J. Hamblin, Scott D. Schafer, and Sullivan & Worcester were on brief, for appellee.

Before SELYA, LYNCH, and LIPEZ, Circuit Judges.

LIPEZ, Circuit Judge.

This case involves a real estate transaction gone awry. Buyer HRPT Properties Trust sued sellers Rancho Cordova, L.C., and MLC Properties, L.C., for recovery of a $700,000 deposit that HRPT paid toward the purchase price of a six-acre parcel of land in Sacramento County, California.

HRPT claimed that it was entitled to a return of the deposit because the defendant sellers defaulted on the agreement of sale. The district court granted summary judgment for the plaintiff, ruling that the sellers defaulted by failing to fulfill a material condition precedent of the agreement relating to a conveyance of a five-foot strip of land required by Sacramento County. We affirm.

I.

In reviewing a grant of summary judgment, we "consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor." *Thomas v. Eastman Kodak,* 183 F.3d 38, 42 (1st Cir.1999), *cert. denied,* 528 U.S. 1161, 120 S.Ct. 1174, 145 L.Ed.2d 1082 (2000). Rancho Cordova and MLC Properties (the seller-defendants) own an office and warehouse building located on ten acres of land in Rancho Cordova, a town in Sacramento County, California. On June 18, 1998, the sellers entered into a $7.675 million Purchase and Sale Agreement for six acres of the property with buyer HRPT Properties Trust (HRPT).[1] The sellers planned to subdivide the property to convey the six-acre parcel, which included the building, currently leased to the Internal Revenue Service.

The Purchase and Sale Agreement included several conditions precedent. First, the sellers promised to provide a "good and sufficient grant deed with respect to the Premises." Second, they represented that their property did not violate "any material federal, state, municipal and other government statutes, ordinances, by-laws, rules, regulations or any other legal requirements." The agreement also included a default provision, which allowed

1. The parties later reduced the purchase price to $7.5 million.

HRPT to terminate the agreement and recover its deposit if the sellers failed to perform any material covenants or agreements, and a provision requiring that any amendment or waiver be made in writing. The closing date for the sale of the six acres was originally set for July 13, 1998, but the parties extended that deadline in a series of letters.

The last extension agreed to in writing ran until November 6, 1998. In late October, the parties learned that a county code requirement mandated that the property to be conveyed include a five-foot strip of land owned by a third party, the Cutler Realty Trust. According to the deposition testimony of Mike Anderson, the principal of Rancho Cordova, and of Peter Weitz, the sellers' broker, the five-foot strip was "adjacent to" the property that was being sold. According to the testimony of Nancy Gillman, HRPT's lawyer, the strip was part of the "whole parcel" to be conveyed to HRPT.

The trustee of Cutler Realty Trust, owner of the five-foot strip, was Mark Cutler, who traveled to a remote part of Vietnam for an extended stay sometime in early 1998. Cutler was also the principal of MLC Properties, and in that capacity before leaving the country he signed over a power of attorney for his interest in MLC Properties to Anderson of Rancho Cordova.[2] HRPT accepted Anderson's use of the power of attorney for conveyance of the property held jointly by MLC Properties and Rancho Cordova. However, Sacramento County refused to accept the use of the power of attorney for conveyance of the five-foot strip held by Cutler Realty Trust.

In a letter dated October 30, 1998, HRPT said that it expected the sellers to satisfy all of the outstanding conditions precedent before November 6.[3] However, the parties did not close the sale on that date. According to Anderson, HRPT's president orally agreed in conversations held after November 6 to further extend the closing, and the parties continued through at least November 10 to send each other drafts of a declaration of cross-easements pertaining to the property. However, no agreement to extend the closing was put into writing. On November 16, 1998, HRPT notified the sellers by letter that it was terminating the agreement and requesting return of the $700,000 deposit.

On December 15, 1998, HRPT filed suit, asserting diversity jurisdiction under 28 U.S.C. § 1332 and seeking a declaration of the parties' rights and obligations under the agreement and damages for the sellers' breach of contract. The sellers filed an answer and counterclaim, seeking damages for breach of contract and a declaration that the plaintiff defaulted on the agreement, entitling the sellers to the deposit as liquidated damages.[4] On October 1, 1999, HRPT filed a motion for summary judgment, claiming that the sellers had defaulted on several grounds. HRPT said that the sellers had misrepresented and concealed critical financial information about operating costs and failed to fulfill three material conditions precedent specified in the Purchase and Sale Agreement.

2. The parties do not dispute that Cutler signed over power of attorney to Anderson for the interest in MLC Properties, though the power of attorney itself is not part of the record before us.

3. HRPT said that if the closing did not occur on November 6 because the sellers could not fulfill any of the outstanding conditions, HRPT would exercise its right to terminate unless the sellers agreed to pay $2,800 per day after November 7, 1998 to compensate for lost rent.

4. Chicago Title Insurance Company, holder of the disputed $700,000 escrow fund, was allowed to interplead and was subsequently dismissed from this action.

HRPT said that the property to be conveyed "included" a five-foot strip owned by Cutler Realty Trust, and that the sellers failed to obtain a deed to the strip or an adequate power of attorney; that the sellers failed to produce a certificate of compliance for the subdivision plan; and that the sellers failed to obtain a satisfactory statement of the lease for the building on the property.

The defendants timely filed a response in opposition to the plaintiffs' motion for summary judgment. On June 1, 2000, the district court granted summary judgment to HRPT. The court noted HRPT's arguments that the sellers made misrepresentations and concealments and failed to satisfy material conditions precedent, and said that it would "address only one of the alleged conditions precedent because it alone is sufficient to establish plaintiff's entitlement to the funds escrowed." The court then turned to HRPT's argument that the sellers defaulted by failing to obtain a deed to the five-foot strip of land. The court held that the sellers defaulted on their promise to provide a "good and sufficient grant deed with respect to the Premises," as specified in the agreement, because they could not obtain a deed or an adequate power of attorney for the five-foot strip.

## II.

As the district court stated, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed R.Civ.P. 56(c). A material fact is one which has the "potential to affect the outcome of the suit under applicable law." *Sanchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir.1996) (citation and internal quotation marks omitted). In order to preclude summary judgment, the non-moving party must submit "sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing version of the truth at trial." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48, (1st Cir.1990) (citation and internal quotation marks omitted).

The sellers contend that there is a material factual dispute regarding their ability to convey title to HRPT that precludes summary judgment on the ground cited by the district court. They say it is not clear from the record that the five-foot strip owned by Cutler Realty Trust was part of the property they agreed to sell in the Purchase and Sale Agreement.

The district court recognized the factual dispute over whether the five-foot strip was "adjacent to" the property to be conveyed or part of the "whole parcel." The court further noted the sellers' statement of material fact that "a deed for this strip of land only became necessary after the county identified a code requirement." In light of the sellers' concession that the county required conveyance of the strip, the court concluded that there was "no dispute that satisfactory conveyance of a deed to this strip of land was required to give a 'good and sufficient grant deed with respect to the Premises' as contemplated in §§ 4.1(a) and (h) of the Agreement."

The district court's conclusion was correct. Whether or not the five-foot strip was part of the property specified in the Purchase and Sale Agreement, the county requirement of conveyance of the strip had to be fulfilled before the sale could close. While the record does not make clear the purpose of the county code requirement, the sellers conceded in their statement of material facts that they learned in late October that such a requirement existed. Without a deed to the strip, the sellers could not fulfill the condition precedent

requiring them to provide a "good and sufficient grant deed with respect to the Premises." Nor could they represent, as the Purchase and Sale Agreement further required, that their property did not violate "any material federal, state, municipal and other government statutes, ordinances, by-laws, rules, regulations or any other legal requirements."

The sellers argue that even if they were required to convey the strip, they had a power of attorney from Mark Cutler that pertained to the strip's conveyance, and that HRPT waived any defect in this power of attorney when it agreed to accept it. As the district court said, this argument is specious. The sellers had a power of attorney only for Cutler's interest in MLC Properties. This was the power of attorney that HRPT agreed to accept. Not surprisingly, Sacramento County refused to. extend the power of attorney for Cutler's interest in MLC Properties to his interest in Cutler Realty Trust, owner of the five-foot strip. Under California law, which applies under the express terms of the Purchase and Sale Agreement, powers of attorney are "subject to strict interpretation" and are not "to be construed as authorizing acts beyond those specified." *Rosenberg v. C.W. Clarke Co.*, 200 Cal. App.2d 178, 186, 19 Cal.Rptr. 191 (Cal.Ct. App.1962) (citation and internal quotation marks omitted). The county's refusal to accept the power of attorney for Cutler's interest in Cutler Realty Trust bears no relation to HRPT's prior acceptance of the power of attorney on the document's specified terms.

█ The sellers also argue that HRPT is bound by its alleged oral agreement to extend the closing date beyond November 6. This argument fails based on the plain language of the Purchase and Sale Agree-

ment, which required any amendment to be made in writing. Finally, the sellers argue that HRPT waived any default pertaining to the five-foot strip because, pursuant to the parties' agreement, it was HRPT's responsibility to object to any title defects within ten days after receipt of the preliminary title insurance commitment and survey for the property, and HRPT made no objection. This argument also fails. The preliminary title documents are not in the record, and so are of no help to the sellers. In addition, as we have discussed, whether the sellers' inability to convey the five-foot strip pursuant to the county code requirement should be characterized as a title defect is unimportant. What matters is the county's requirement that the five-foot strip be conveyed to the buyer, and the sellers' inability to meet that requirement.[5]

*Affirmed.*

---

5.  We deny HRPT's request for attorney's fees and double costs incurred in connection with this appeal. The Clerk shall, of course, tax ordinary costs in favor of HRPT, as the prevailing party.