**LONGO DE PUERTO RICO, INC., Plaintiff**

v.

**UNITED STEEL WORKERS OF AMERICA, AFL–CIO–CLC, Defendant.**

**Civil No. 05–2123 (SEC).**

United States District Court, D. Puerto Rico.

Nov. 28, 2006.

Jose Ramon Rivera–Morales, Mayra M. Gonzalez–Reyes, Jimenez, Graffam & Lausell, San Juan, PR, for Plaintiff.

Francisco M. Troncoso–Cortes, Richard Schell–Asad, Troncoso & Schell, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, Senior District Judge.

Pending before the Court are cross motions for summary judgment. For the reasons stated below, Plaintiff's motion (Docket # 14) will be **DENIED** and Defendant's motion (Docket # 7) will be **GRANTED**.

### Standard of Review

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986); *Ramírez Rodríguez v. Boehringer Ingelheim,* 425 F.3d 67, 77 (1st Cir.2005). In reaching such a determination, the Court may not weigh the evidence. *Casas Office Machs., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 581 (1st Cir.1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party' and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" *DePoutot v. Raffaelly,* 424 F.3d 112, 116 (1st Cir.2005) (quoting from *Garside,* 895 F.2d at 48 (1st Cir.1990)). By like token, 'material' "means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." *Rojas–Ithier v. Sociedad Española de Auxilio Mutuo,* 394 F.3d 40, 42–43 (1st Cir.2005) (citations omitted). Therefore, there is a trial-worthy issue when the "evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." *Id.* (citations omitted).

Where, as here, there are cross motions for summary judgment, the Court must apply to each in turn this standard of review.

## Procedural and Factual Background

We glean the relevant facts from the parties' several statements to that end. The parties to this action are the United Steel Workers of America (hereinafter "USWA" or Plaintiff) and Longo. The dispute among them arose out of the dismissal of one Mr. Nick Parrilla, an employee of Longo, and a member of the USWA. *See,* Docket # 8, ¶ 5.

The USWA and Longo were, at the relevant time, parties to a collective bargaining agreement (hereinafter "CBA"). *See,* Dockets # 8, ¶ 3; # 12–2, ¶ 3. That CBA provided that when a disciplinary penalty was imposed allegedly without just cause, either party could request the designation of an arbitrator from the Conciliation and Arbitration Bureau of the P.R. Department of Labor to decide on the merits of the grievance. *See,* Docket # 8–2 (Section 8.1(e)(2) of the CBA). The CBA also provided that the arbitrator's decision would be final and binding on both parties. *Id.*

The USWA alleged that Mr. Nick Parrilla's termination had been without just cause and the controversy was submitted to an arbitrator from the P.R. Department of Labor's Conciliation and Arbitration Bureau. *See,* Docket # 8, ¶ 5. The arbitrator's, Ms. Elizabeth Guzmán–Rodríguez, specific task was to determine whether the termination of Mr. Nick N. Parrilla was with or without just cause, and, if it were not with just cause, to issue the appropriate remedy. *See,* Docket # 5–3 p. 1. A hearing was held and, some time after, the arbitrator issued an award. *See,* Docket # 7, ¶¶ 6, 7. After recounting the facts leading up to the dismissal and examining the CBA, the arbitrator concluded that: "The dismissal of the Plaintiff Nick N. Parrilla, was not justified. It is substituted by a suspension from his job and the salary of fifteen (15) days, beginning on the 19th of June, 2003." *See,* Docket # 5, p. 39 (p. 16 of the June 7, 2005 Arbitration Opinion).

On July 8, 2005, Longo wrote to USWA with regards to the arbitrator's decision. Per Longo's interpretation thereof, because the arbitrator did not "emit any remedy of reinstatement, back pay, or any other remedy in equity", the sole remedy available to Mr. Parrilla was the severance payment required by Act 80 of May 30, 1979, 29 P.R. Laws Ann. § 185(a) *et seq.,* in cases of unjust dismissal. *See,* Docket # 5, p. 42 (letter from Mr. George to Ms. Melia). On July 15, 2005, the USWA wrote to the arbitrator requesting a clarification of her opinion, and attaching Longo's July 8 letter. *See,* Docket # 5, p. 43. The USWA requested that the arbitrator include in the opinion the remedy previously requested by the USWA in its filings to the arbitrator, i.e., the restitution of Mr. Parrilla to his employment and the salaries and benefits not accrued. *Id.* Longo, in turn, also wrote to the arbitrator, stating that the USWA's request was really one for reconsideration and that the doctrine of *functus officio* barred the arbitrator from clarifying the award. *See,* Docket # 8–1, ¶ 11. On August 23, 2005, the arbitrator issued an opinion in which she reviewed the discrepancies between the parties as to her previous opinion, discussed the *functus officio* doctrine and determined that she had authority to clarify her prior award so as to eliminate any ambiguity regarding her intention that Mr. Parrilla be reinstated in his employment and he be paid the salaries not earned during the time he was unjustly dismissed. *See,* Docket # 5–2, p. 19.

Longo turned to the Commonwealth's courts to vacate the arbitrator's August 2005 award of back pay and reinstatement to Mr. Parrilla. The USWA then removed the case to this Court, pursuant to 28

U.S.C. § 1441(a) & (b) and 29 U.S.C. § 185. Little remains to be said: the USWA filed a motion for summary judgment, Longo filed an opposition thereto and its own motion for summary judgment, which the USWA opposed.

**Applicable Law and Analysis**

■ Both motions pose essentially the same question, whether the arbitrator in this case could validly clarify the award she had previously issued. The USWA argues that the arbitrator had authority to interpret and clarify her award, *functus officio* notwithstanding. Longo, on the other hand, avers that after rendering her original award, the arbitrator was devoid of jurisdiction. Our inquiry into this point begins and ends with the doctrine of *functus officio*.

■ "*Functus officio* is the Latin term for 'task performed' and is shorthand for the common-law rule that, once a labor arbitrator has issued a final award and has discharged the duties of the office, the arbitrator lacks any continuing power to revise the award or issue a new one." 20 WILLSTON ON CONTRACTS § 56: 97 (4th Ed.). "In its classic form, the common law doctrine of *functus officio* bars arbitrators from reconsidering or revising final awards". *Local 2322, Intern. Broth. Of Elec. Workers v. Verizon New England, Inc.*, 464 F.3d 93, 97 (1st Cir.2006). While this general formulation might suggest that an arbitrator seeking to revisit her award for whatever reason faces a formidable impediment, the case law in the First Circuit and others has clarified that the *functus officio* rule is far from absolute. *See, Red Star Express Lines, Inc. v. Int'l Brotherhood of Teamsters, Local 170*, 809 F.2d 103, 106 (1st Cir.1987) (citations omitted). Whatever the strength of the *functus officio* doctrine may have been in former times, *see, Courier–Citizen v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 278–279 (1st Cir.1983), today it does not prevent an arbitrator from interpreting, amplifying, or correcting her award when: (1) the award is incomplete or ambiguous, (2) the court resubmits an issue to the arbitrator, (3) a mistake is apparent from the face of the award, or (4) the parties request that an issue be resubmitted to the arbitrator. *Cadillac Uniform & Linen Supply, Inc. v. Unión de Tranquistas*, 920 F.Supp. 19, 21–22 (D.P.R.1996). *See also, Local 2322, Intern. Broth. Of Elec. Workers*, 464 F.3d at 97–98 ("In this circuit, the question whether and when an arbitrator may reverse or substantially alter his ruling is perhaps an open one; we have not needed to resolve the issue. But we have decided that a labor arbitrator may interpret or amplify his award, *functus officio* notwithstanding.") (citations and internal quotation marks omitted).

The USWA contends that the instant case falls within the first exception to the *functus officio* doctrine, that is, that the original award was ambiguous. We agree that the arbitrator had authority to revisit her original award so as to obviously spell out her intention that Mr. Parrilla be reinstated and back pay be awarded to him. The arbitrator's original award stated that the dismissal of Mr. Parrilla was without just cause, and that it should be **substituted** by a fifteen day suspension from job and salary. While the arbitrator did not explicitly add that Mr. Parrilla should be reinstated with back pay, her language in framing the award at the very least suggested the possibility that she intended such a result.[1] Once the arbitrator was

---

1. To substitute means "to put (a person or thing) in the place of another", "to take the place of; replace". *Random House Una-* *bridged Dictionary*, 2nd Ed. (1993). It bears mentioning that the arbitrator's decision was written in Spanish and the word she used,

put on notice that her paucity in expressing the award had caused confusion as to her intention, she was authorized, *functus officio* notwithstanding, to clarify her award so as to render completely unambiguous her original intention that Mr. Parrilla return to work and be provided back pay for the time after the conclusion of the fifteen day suspension. *See, Cadillac Uniform & Linen Supply, Inc.*, 920 F.Supp. at p. 23 (holding that the *functus officio* doctrine did not bar an arbitrator from clarifying his award so that it would reflect his original intention).

 Longo further argues, however, that the arbitrator's clarification was not timely, pointing out that more than thirty (30) days had elapsed when the arbitrator issued her clarified award. But Longo does not cite any on-point cases for the proposition that an arbitrator that does not clarify her award within thirty days of its original issuance loses jurisdiction to do so at a later time. In any event, we note that the USWA's request for clarification promptly followed their discovery that there was any possible ambiguity in the award. Furthermore, had the USWA bypassed the request for clarification and, counting on their interpretation of the award, filed a suit for enforcement thereof, the Court could and should have remanded the dispute as to the interpretation of the award back to the arbitrator. *See, Airline Pilots Ass'n v. Pan American Airways*, 405 F.3d 25, 33 (1st Cir.2005).

As for Longo's third argument, that the arbitrator could have limited her remedy to that provided by Puerto Rico's Act 80, we need not dally over it. Whatever the arbitrator could have provided, she chose to resolve the parties' differences via this particular remedy. There is no serious argument that the arbitrator could not order

Mr. Parrilla's reinstatement and backpay, and we will not speculate as to the relative wisdom of other, alternative remedies.

## Conclusion

For the reasons stated above, the USWA's motion for summary judgment is **GRANTED** and Longo's cross motion is **DENIED**. Accordingly, Judgment dismissing Longo's Petition for Review will be entered.

**SO ORDERED.**

"sustituye", finds its English counterparts in 'substitute' and 'replace'. *See, Simon &* *Schuster's International Spanish Dictionary* (English/Spanish, Spanish/English).