Inserra v. Nedeau                          CV-93-279-SD   01/31/96

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Vincent Inserra and Ann Inserra,
 individually and as parents
 and next friends of their children,
 Pia Inserra, Michelle Inserra, and
 Melissa Inserra

     v.                                        Civil No. 93-279-SD

Harry Nedeau, individually;
Russell LeBrecht, individually and
 in his official capacity as a
 police officer of the Town of Gilford;
Town of Gilford


                              O R D E R


     In this civil action, plaintiffs assert various federal

constitutional claims under 42 U.S.C. § 1983 (1994) against New

Hampshire State Police Trooper Harry Nedeau in his individual

capacity, against Gilford Police Officer Russell LeBrecht in his

individual and official capacities, and against the Town of

Gilford, New Hampshire.  Plaintiffs' claims arise out of the

August 5, 1990, arrests of Vincent Inserra and Ann Inserra.

Presently before the court is the motion for summary judgment of the Town of Gilford and Russell LeBrecht, to which plaintiffs object.[1]

<u>Background and Procedural History</u>[2]

On the evening of August 5, 1990, Vincent Inserra was driving a 1984 Cadillac northbound on the Route 3 bypass around Laconia, New Hampshire. Plaintiffs allege that Ann Inserra, Vincent's wife, was following behind Vincent in another automobile. The Inserras were accompanied by their three daughters, Pia, Michelle, and Melissa Inserra.

At approximately 11:00 p.m., Vincent Inserra was pulled over by New Hampshire State Trooper Harry Nedeau for alleged erratic operation of his vehicle. Ann Inserra immediately pulled over behind Trooper Nedeau's vehicle, and then, at Nedeau's request, moved her car so that she was parked in the breakdown lane in front of her husband's car.

Nedeau asked Vincent Inserra to step out of his vehicle and perform several field sobriety tests, after which Nedeau arrested

---

[1]To date plaintiffs have not filed a supporting memorandum of law.

[2]The following recitation comes from the court's previous order filed November 10, 1994.

2

Inserra for driving while intoxicated.  Nedeau asserts that during the course of the field sobriety tests, and upon the arrest of Vincent Inserra, Ann Inserra became increasingly belligerent toward him.

After Vincent Inserra had been placed in Trooper Nedeau's vehicle, Ann Inserra requested that she be allowed to accompany her husband to the police station.  Nedeau then called for backup assistance.  Officer Nason of the Belmont Police Department arrived at the scene in response to that call.

Plaintiffs allege that Ann Inserra, after "continu[ing] to request assistance for her husband," Amended Complaint ¶ 14, was arrested for disorderly conduct.  Defendants assert that Ann Inserra opened the front passenger door of Nedeau's vehicle, stood inside the open door, and refused to move so that Nedeau was unable to move his vehicle.  Defendants further assert that Officer Nason told Ann Inserra several times to step away from Nedeau's vehicle or she would be arrested.  Ann Inserra, allegedly still refusing to move, was then arrested for disorderly conduct.

Vincent Inserra was then transported to the Gilford Police Department where he was booked according to standard operating procedure.  Ann Inserra and her three daughters were also transported to the Gilford Police Department.

3

Plaintiffs allege that "Ann Inserra, who suffers from anxiety attacks, was profoundly affected by the arrest of her husband and her own arrest and begged not to be placed in a small cell because of her condition." Complaint ¶ 18. Despite her alleged protests, Ann Inserra was ordered to enter a holding cell by defendant LeBrecht and allegedly suffered an anxiety attack and passed out.

Upon hearing that his wife had passed out and that the police officers had summoned paramedics, Vincent Inserra states that he attempted to go to his wife's side. Affidavit of Vincent Inserra ¶ 5 (attached to Plaintiffs' Objection to Lebrecht's Motion for Partial Summary Judgment filed Aug. 1, 1994). He further states that "[a]t this point, defendants LeBrecht and Nedeau violently attacked me and jumped on top of me. They pulled out my hair, twisted my arms behind my back and beat me about my body." Id. ¶ 6.

Vincent Inserra was subsequently placed into protective custody for the night. Ann Inserra was released after processing.

## Discussion

### 1. Summary Judgment Standard

Under Rule 56(c), Fed. R. Civ. P., summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

> Summary judgment is a procedure that involves shifting burdens between the moving and the nonmoving parties. Initially, the onus falls upon the moving party to aver "'an absence of evidence to support the nonmoving party's case.'" Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party satisfies this requirement, the pendulum swings back to the nonmoving party, who must oppose the motion by presenting facts that show that there is a "genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)) . . . .

LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, ___ U.S. ___, 114 S. Ct. 1398 (1994).

In determining whether summary judgment is appropriate, the court construes the evidence and draws all justifiable inferences in the nonmoving party's favor. Anderson, supra, 477 U.S. at 255.

5

## 2. Municipal Liability

Defendant Town argues it is entitled to summary judgment on plaintiffs' claim under section 1983 for the failure to train police officers (Count XII of the Amended Complaint). The Town argues that it is entitled to summary judgment because plaintiffs have failed to adequately substantiate their claim that the Town, pursuant to a "custom or policy," violated the Constitution.

In order to assert a section 1983 claim against a municipal government, plaintiffs must allege that (1) their constitutional rights were deprived and (2) "'the "execution of the government's policy or custom"'" caused the alleged constitutional deprivation. Canton v. Harris, 489 U.S. 378, 385 (1989) (quoting Springfield v. Kibbe, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978))).

In Canton, the Supreme Court acknowledged "that there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." Id. at 387. Elaborating on the "degree of fault [that] must be evidenced by the municipality's inaction before liability is permitted," the court held "that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with

6

whom the police come into contact." Id. at 388 (footnote omitted). Thus, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality--a 'policy' as defined by our prior cases--can a city be liable for such a failure under § 1983." Id. at 389. The Court adopted this deliberate indifference standard in the municipal liability context in order to limit such liability to those situations where "a municipality disregards 'obvious' needs." Farmer v. Brennan, ___ U.S. ___, ___, 114 S. Ct. 1970, 1981 (1994).

In support of the claim that the police officers acted pursuant to a "custom or policy" of the Town, plaintiffs allege that the Town "failed to train Officer LeBrecht not to beat, arrest and incarcerate Vincent Inserra in front of his three minor children and wife without probable cause or justification to do so." Amended Complaint ¶ 86. Plaintiffs further allege that the Town "failed to train Officer LeBrecht not to arrest Ann Inserra without probable cause, not take into consideration her medical condition which Officer LeBrecht was apprised of. . . ." Id. ¶ 87.

The Town attaches to its motion several documents which it claims show that the policies and procedures of the Gilford Police Department were sensitive to the constitutional rights of persons in plaintiffs' position. These documents include the

7

training schedule of Officer LeBrecht, as well as the Rules and Regulations of Gilford's Police Department (attached as Exhibits A and D, respectively, to Defendants' Motion for Summary Judgment). The Rules and Regulations include sections prohibiting the use of both unnecessary force and discourtesy to the public, as well as rules governing the holding facility. Defendants further attach affidavits of LeBrecht and Evan Juris, Police Chief of the Town of Gilford.

As the Town's motion is made and supported as provided by Rule 56(b), Fed. R. Civ. P., plaintiffs must respond (by affidavit or otherwise) with specific facts showing there is a genuine issue for trial. See Rule 56(e), Fed. R. Civ. P. Plaintiffs have failed to make such showing; indeed, other than objecting to defendant's motion, they do not identify any specific facts, much less any facts showing the existence of a material factual issue. Accordingly, the court finds and herewith rules that the Town of Gilford is entitled to summary judgment on plaintiffs' claims under section 1983. LeBrecht is likewise entitled to summary judgment with respect to plaintiffs' claims under section 1983, to the extent that he is being sued in his official capacity.

## 3. Gross Negligence

Defendant LeBrecht asserts he is entitled to summary judgment regarding Ann Inserra's claim against him for gross negligence.[3] LeBrecht argues, in part, that he is entitled to summary judgment because there is insufficient evidence to show that he caused Ann Inserra to suffer physical symptoms. He notes that plaintiff has failed to identify any expert testimony on this issue. See First Set of Interrogatories of Russell LeBrecht to Ann Inserra (attached as Exhibit F to Defendants' Motion for Summary Judgment).

In the absence of a physical impact, plaintiff may recover for emotional distress caused by defendant's negligence[4] only if she "suffered physical symptoms as a result of the emotional distress." Thorpe v. State, 133 N.H. 299, 303, 575 A.2d 351, 353 (1990) (citing Chiuchiolo v. New England Wholesale Tailors, 84 N.H. 329, 337-38, 150 A. 540, 544-45 (1930)); accord Orono Karate, Inc. v. Fred Villari Studio of Self Defense, Inc., 776 F.

---

[3]This court has previously ruled that Ann Inserra has properly stated a claim for gross negligence against LeBrecht "based on his incarceration of her after allegedly being informed that she suffered from anxiety attacks." See Order, November 10, 1994, at 28. The complaint alleges that as a result of LeBrecht's conduct Ann Inserra suffered "great physical and emotional damage," without specifying the nature of the physical damage. Complaint ¶ 37.

[4]As plaintiff has not alleged intentional conduct, the court treats her gross negligence claim as a species of negligence.

Supp. 47, 50 (D.N.H. 1991). Furthermore, expert testimony is required in order to prove that the physical symptoms were caused by the emotional distress. Thorpe, supra, 133 N.H. at 304-05, 575 A.2d at 354; accord Corso v. Merrill, 119 N.H. 647, 653, 406 A.2d 300, 304 (1979) (emotional injury must be "susceptible to some form of objective medical determination and proved through qualified medical witnesses").

Other than offering a general objection to the instant motion for summary judgment, plaintiff fails to respond with specific facts showing the existence of a material issue in dispute. In response to a prior motion for partial summary judgment of LeBrecht, plaintiff attached an affidavit of Ann Inserra stating that after being ordered into a cell by LeBrecht, she "suffered an anxiety attack and lost consciousness," but did not also identify any supporting expert testimony.[5] See Affidavit of Ann Inserra ¶ 3 (attached to Plaintiffs' Objection to Motion for Partial Summary Judgment, filed August 1, 1994). As plaintiff has failed to sustain her burden, LeBrecht is

---

[5]Pursuant to the Pretrial Order filed May 24, 1994, plaintiffs were to disclose their experts by November 1, 1994. Defendants assert that plaintiffs have failed to make such disclosure to date. In answer to interrogatories, Ann Inserra indicated she planned to call no expert witnesses. See Interrogatories of Russell LeBrecht and Town of Gilford to Ann Inserra, no. 18, dated April 4, 1995 (attached as Exhibit F to Defendants' Motion for Summary Judgment). Plaintiffs also do not identify expert witnesses in their pretrial statement.

necessarily entitled to summary judgment on Ann Inserra's claim for gross negligence.

4. Jurisdiction

Defendants argue that since plaintiff's claim under section 1983 against the Town of Gilford has been dismissed as a result of the instant motion for summary judgment, the court is without jurisdiction over plaintiffs' remaining state claims. However, as recognized by this court in a prior order, Vincent Inserra's claim under section 1983 against defendant Harry Nedeau for wrongfully placing him into protective custody on the night of August 5, 1990 (Count I) remains. See Order, November 10, 1994, at 28. Accordingly, as plaintiff seeks to redress the deprivation, under color of state law, of constitutional rights, the court has original jurisdiction. See 28 U.S.C. § 1343 (1995); see also 28 U.S.C. § 1331 (1995).

Federal law provides that district courts with original jurisdiction over a civil action asserting a federal question

> shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

11

28 U.S.C. § 1367 (1995).  Therefore, notwithstanding defendants' contentions, the court has supplemental jurisdiction over plaintiffs' state law claims.

## Conclusion

For the reasons expressed herein, the motion for summary judgment (document 38) is granted in part and denied in part. Said motion is granted regarding plaintiffs' claim under section 1983 (Count XII of the Amended Complaint) against the Town of Gilford as well as Ann Inserra's "negligence" claim (Count III) against Russell LeBrecht.

The following claims remain viable:

1.  Vincent Inserra's Fourth and Fourteenth Amendment claim against Nedeau for wrongfully placing him into protective custody on the night of August 5, 1990 (Count I);

2.  Vincent Inserra's state law claim for gross negligence against Nedeau and LeBrecht based on their alleged beating of him at the Gilford Police Department (Count II); and

3.  Vincent Inserra's state law claims for malicious prosecution (Count V) and assault and battery (Count VI).

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 31, 1996

12

```
cc:   Paul J. Bennett, Esq.
      Frank Bruno, Esq.
      Stephen J. Judge, Esq.
      Barton L. Mayer, Esq.
```