**Mercie M. Larrinaga COLLAZO, Plaintiff,**

v.

**CONDADO PLAZA HOTEL; Williams Hospitality Management Group, Defendants.**

**Civil No. 94–1680 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 9, 1996.

dant's cross motion for summary judgment and reply to defendant's opposition to plaintiff's motion for summary judgment. (Docket 14) For the reasons explicated hereinbelow, having carefully pondered the parties' allegations, and in light of the fact that the same stand in blatant conflict with one another, the court shall and hereby does **deny** the parties' respective motions for summary judgment.

This is an action for the recovery of damages allegedly caused to the plaintiff on May 21, 1993, when a piece of cement fell from the roof hitting her head, while she waited for her brunch order to arrive. The incident took place at the restaurant in front of the swimming pool of the Condado Plaza Hotel located in Condado, San Juan, Puerto Rico. The impact received from the cement block threw plaintiff to the ground where she laid unconscious for about five minutes.

The sequence and nature of events portrayed by the defendant in this case somewhat vary in that, shortly after the food arrived, plaintiff was struck on the head and arm with a piece of cement which had become dislodged, when a lightning bolt suddenly struck a tower on the west side of the roof of the hotel's main building, causing pieces of concrete to fall through the canvass canopy of the outdoor restaurant, where plaintiff awaited to have her brunch. Defendant further alleges that as a result of the blow, plaintiff fell to the floor but was not rendered unconscious.[1]

Whether it was the force of lightning striking the building that in fact, caused the cement block to dislodge, remains an issue in

Harry Anduze–Montano, Hato Rey, PR, for plaintiff.

James A. Toro, Hato Rey, PR, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court is plaintiff Mercie M. Larrinaga Collazo's motion for summary judgment filed on August 10, 1995. (Docket 9) Defendant Condado Plaza Hotel, filed its opposition to plaintiff's motion and filed a cross-motion for summary judgment on September 22, 1995. (Docket 13) On October 31, 1995, plaintiff filed its opposition to defen-

---

**1.** Plaintiff's legal theory rests primarily on the applications of Art. 1810 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5149, which imposes a strict or absolute liability upon the "head of a family who dwells in a house ... for the damages caused by the things which may be thrown or which may fall therefrom." Defendant rebuts plaintiff's assertions of strict liability interpretation, by stating that the applicable provisions are rather, those of Art. 1058 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3022, which harbors the common law tenet of Act of God, interpreted by the Commonwealth of Puerto Rico Supreme court in *Camacho v. Cía. Popular de Transporte*, 69 P.R.R. 724 (1949). Art. 1058 provides in pertinent part that: "No one shall be liable for events which could not be foreseen, or which having been foreseen were inevitable, with the exception of the cases expressly mentioned in the law or those in which the obligation so declares." Defendant further states that the Innkeepers' Act of Puerto Rico, Act No. 85 enacted on June 23, 1956, 10 P.R. Laws Ann. § 711, is applicable and consistent to the Act of God doctrine. Section 714 provides in pertinent part that: "no innkeeper ... shall in no case be liable to any guest for any loss or damages occurring as a result of fire, windstorm, or other casualty, or as a result of any act, omission, or event not attributable to the fault or negligence of the innkeeper."

dispute. In this regard plaintiff asserts that photographs taken by defendant do not show any black discoloration or signs of impact by a lightning bolt on the surface of the building. (See photographs produced by defendant, Exhibit.1, docket 14) Further adding to the incongruity of the parties' versions is the fact that plaintiff states that no severe thunderstorm, or lightning strike was recorded to have occurred on the day in which Ms. Larrinaga was allegedly injured. Hence, plaintiff argues that the dislodging of the cement block resulted from the hotel's negligence and poor maintenance of the building, and not from lighting. (See adjuster report pp. 1 and 7, exhibit 2, docket 14) Plaintiff states that even if the dislodging were to have been caused by lighting, the safety equipment installed to by the hotel to ground electric charges was so inadequate and defective, that its ability to deter a lightning strike to the buildings was inevitably compromised.

## THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. Rule No. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The opposing party must then designate specific facts that show that there is a genuine triable issue. *Celotex* 477 U.S. at 324, 106 S.Ct. at 2553.

A fact is material if, under applicable substantive law, it may affect the result of the case. *Ortega–Rosario v. Alvarado–Ortiz,* 917 F.2d 71 (1st Cir.1990). A dispute is genuine only if there is conflicting evidence that requires a trial to resolve the discrepancy. *Ortega–Rosario* 917 F.2d at 71. A court should deny a motion for summary judgment if the dispute about a material fact is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir.1994). See also *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In determining whether summary judgment is warranted, the court views the facts alleged in the light most favorable to the nonmoving party and must indulge all inferences in favor of that party. See *Le Blanc v. Great American Insurance,* 6 F.3d 836, 841 (1st Cir.1993) cert. denied —— U.S. ——, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994); *Richard A. Mottolo and Service Pumping and Drain Co., Inc. v. Fireman's Fund Insurance Co., et al.,* 43 F.3d 723 (1st Cir.1995); *Lydia Libertad, et. al. v. Patrick Welch, et. al.,* 53 F.3d 428 (1st Cir.1995); *Rossy v. Roche Products, Inc.,* 880 F.2d 621, 624 (1st Cir. 1989); *John & Kostas Service Station, Inc. v. Cumberland Farms, Inc.,* 948 F.2d 821 (1st Cir.1991).

The party opposing the motion for summary judgment can not rely on "mere allegations or denials" of the pleadings. F.R.Civ.P. Rule No. 56(e). Rather, the opposing party must be able to show by affidavits, depositions, answers, and admissions in the record that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. at 324, 106 S.Ct. at 2553. Hence, "Summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990). Nonetheless, "[n]o credibility assessment may be resolved in favor of the party seeking summary judgment." *Woodman v. Haemonetics Corp.,* 51 F.3d 1087, 1091 (1st Cir.1995) (citations omitted).

In its cross-motion for summary judgment defendant presents the sworn statement under penalty of perjury of Mr. Ali Baez–Acosta, Director of Security for the Condado Plaza Hotel & Casino, who was on duty at the time of the alleged incident. According to Mr. Baez–Acosta, an investigation was conducted under his direct supervision pertaining to the alleged accident of May 21, 1993. Said investigation revealed that the fact that the upper corner of the concrete tower (from which the piece of cement had become dislodged) was scoured black, is evidence that the upper corner of

the concrete tower was hit by a lightning bolt. (See docket 13, p. 2) Plaintiff states that most, if not all of Mr. Baez' assertions relating to the incident, are not borne from personal knowledge but, "have come to be known by him as a result of the alleged investigation he initiated and supervised". (See docket 14, p. 6) Plaintiff further asserts that Mr. Baez presents facts without providing the proper foundation or source for them. (See docket 14, p. 7) As such, plaintiff moves the court to strike all uncontested facts presented in defendant's cross-motion for summary judgment, or to ignore them for summary judgment purposes.

It is well settled law that documents submitted in support or in opposition to a motion for summary judgment must contain admissible information. *See* Wright, Miller & Kane, Vol 10A § 2738 p. 470–474. "Because the policy of Rule 56(e) is that *the judge should consider any material that would be admissible at trial,* the rules of evidence and the exceptions thereto determine what averments the affidavit may contain." id. (emphasis ours). Therefore hearsay evidence is insufficient. *See Horta v. Sullivan,* 4 F.3d 2 (1st Cir.1993); *Garside v. Osco Drug, Inc.,* 895 F.2d 46 (1st Cir.1990); *FDIC v. Roldan–Fonseca,* 795 F.2d 1102 (1st Cir.1986).

Because Mr. Baez is not an expert (and he does not claim to have been present at the time when plaintiff was hurt) his examination of the cement block and the roof, could not possibly have determined with any degree of certainty, the original event which galvanized the sequence of events leading to plaintiff's mishap. Accordingly, the court strikes Mr. Baez–Acosta's declaration as hearsay.

 Notwithstanding the aforesaid admissibility issue, the court deems that there is an abundance of genuine issues of material fact which stand in controversy in this case and which require expert testimony (i.e. the adequate use, proper location, and suitable maintenance of lightning rods by the hotel, the sturdiness of the concrete building structure, etc.). *See Contractor Utility Sales Co., Inc. v. Certain–Teed Products Corp.,* 638 F.2d 1061, 1085 fn. 32 (7th Cir.1981) ("[a]lthough the court must decide questions of admissibility, the weight and credibility to be accorded to expert testimony is properly left to the jury.").[2]

Wherefore, the court upon due deliberation hereby, **denies** the parties' respective motions for summary judgment.

**IT IS SO ORDERED.**

---

**2.** Although the Federal Rules of Evidence do not explicitly state so, it is implicit in the interaction of Rules 103 and 702 through 705 that it is for the jury to determine the credibility of expert witnesses. After all, expert testimony is evidence like any other, and matters of fact are always for the jury. See *Payton v. Abbott Labs,* 780 F.2d 147, 156 (1st Cir.1985); *International Adhesive Coating Co. v. Bolton Emerson International,* 851 F.2d 540 (1st Cir.1988) (citing Payton); *Breidor v. Sears, Roebuck & Co.,* 722 F.2d 1134 (3rd Cir.1983) ("[w]here there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge."); *Werth v. Makita Elec. Works, Ltd.,* 950 F.2d 643 (10th Cir.1991) (citing Breidor); *U.S. v. Coleman,* 501 F.2d 342, 346 (10th Cir.1974); *U.S. v. Varoz,* 740 F.2d 772, 775 (10th Cir.1984) (citing Coleman) ("[t]he weight and credibility of expert testimony are matters for the jury.").