Carolina HESS, Plaintiff,

v.

MULTNOMAH COUNTY and Bonnie
Teschner, Defendants.

No. CIV–00–1483–ST.

United States District Court,
D. Oregon.

Nov. 21, 2001.

Thomas M. Steenson, Steenson, Schumann, Tewksbury & Rose, PC, Portland, OR, for plaintiff.

## OPINION AND ORDER

STEWART, United States Magistrate Judge.

### INTRODUCTION

Plaintiff, Carolina Hess ("Hess"), filed this action on November 1, 2000, alleging that her former employer, Multnomah County, and her former supervisor, Bonnie Teschner ("Teschner"), terminated her because she is Hispanic. She alleges a claim for race discrimination, including a hostile work environment, in violation of Title VII, 42 USC § 2000e, *et seq,* 42 USC § 1983, and ORS 659.030(1)(a) and (b). Accordingly, Hess seeks: (1) compensation for lost back pay, front pay, work-related benefits; (2) non-economic damages; (3) punitive damages; and (4) attorney fees and costs, including expert witness fees.

This court has federal question jurisdiction under 28 USC § 1331. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

Defendants' Motions to Strike Plaintiff's Concise Statement of Material Facts and Evidence (docket # 37) is now before the court.[1] For the reasons that follow, those motions are granted in part and denied in part.

### DISCUSSION

#### I.  *Motion 1:  LR 56.1*

■ Defendants first seek to strike Hess's Concise Statement of Facts and Response in

---

1.  This opinion and order narrows the scope of defendants' pending Motion for Summary Judg- ment (docket # 25).

Opposition to Defendants' Motion for Summary Judgment for failure to comply with Local Rule ("LR") 56.1. Pursuant to LR 56.1, a party's opposition to a motion for summary judgment must include a separate response to each numbered paragraph of the moving party's concise statement of facts by "accepting or denying each fact" or "articulating opposition to the moving party's contention or interpretation of the undisputed material fact."

█ Contrary to defendants' assertion, Hess has complied with LR 56.1. She responded to each numbered paragraph of defendants' Concise Statement of Facts by accepting some facts, not accepting and disputing others, and providing additional facts. Curiously, Hess does dispute some of defendants' facts for which defendants cite Hess's deposition as support. Although it would be helpful to know why Hess denies those facts, LR 56.1 does not require such an explanation. Hess's form of response certainly has caused this court and defendants unnecessary work and shows why an amendment to LR 56.1 may be warranted. Suffice it to say that this court will not rely on Hess's or defendants' spin of the facts, but will rely on the deposition excerpts, as well as other sworn testimony and authenticated documents. Accordingly, resolution of defendants' Motion for Summary Judgment has taken much longer than this court would prefer.

Defendants also complain that Hess's additional facts rely solely on her own affidavit in an impermissible effort to create an issue of material fact. *See Delange v. Dutra Constr. Co.*, 183 F.3d 916, 921 (9th Cir.1999). However, Hess also has submitted declarations of two coworkers, deposition excerpts of Teschner, and other records. Thus, Motion 1 is denied.

## II. *Motion 2: Argument Rather Than Fact*

█ Second, defendants complain that Hess has filled her additional "facts" with improper conclusions, argument and implications which they move to strike. Some of Hess's additional facts are purely argument and must be stricken. Other facts are clear-

ly Hess's own opinions. However, FRE 701 allows opinion or inference testimony of a lay witness if it is rationally based on the perception of the witness and helpful in understanding a fact in issue. Hess does not violate FRE 701 by explaining how she believed that Teschner was retaliating against her. Other opinions by Hess, however, do not assist the court and must be stricken.

Accordingly, Motion 2 is granted as to the yellow highlighted portions of paragraphs 14–16, 17a, d (last sentence), f-i, l, p, q, s, v, dd, ee, 20, 21, 23 and 24. In addition, this court will ignore Hess's references to implications to be drawn from various documents.

## III. *Motions 3 and 4: Unauthenticated Documents and Unsworn Affidavits*

Third, defendants move to strike all of the exhibits attached to the affidavit of Hess's attorney, Tom Steenson ("Steenson"), because they are unauthenticated and unsworn and also move to strike portions of Hess's additional facts which are supported by those exhibits.

█ To be considered by the court on motions for summary judgment "documents must be authenticated by and attached to an affidavit that meets the requirements of [FRCP] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550–51 (9th Cir.1989), citing *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir.1987). A document that lacks proper foundation for authentication cannot be used to defeat a motion for summary judgment. *Canada*, 831 F.2d at 925. Authenticating a document requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." *See* FRE 901(a). Additionally, FRCP 56(e) provides:

> Supporting ... affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in

an affidavit shall be attached thereto or served therewith . . . .

■ Steenson's Affidavit states merely that "[a]ttached are true copies of the following documents which are offered as exhibits in opposition to Defendant's Motion for Summary Judgment" and then lists those exhibits. The declaration of an attorney is sufficient to authenticate such discovery documents, such as answers to deposition questions, interrogatories or requests for admissions. Even then, inadmissible statements within those discovery documents, such as hearsay and conclusions, are as objectionable as they would be in affidavits. *See Garside v. Osco Drug, Inc.,* 895 F.2d 46, 49–50 (1st Cir.1990).

■ The exhibits attached to Steenson's Affidavit include Teschner's deposition excerpts and declarations by Hess and two of her coworkers. Steenson clearly has the personal knowledge of matters occurring during the course of the lawsuit to authenticate a deposition transcript. Thus, Teschner's deposition testimony is properly authenticated. Furthermore, 28 USC § 1746 provides that an unsworn declaration signed under penalty of perjury and dated has the same force and effect as an affidavit. The three declarations satisfy those requirements and thus may be considered on summary judgment to the extent that they contain otherwise admissible evidence.

The remaining exhibits attached to Steenson's Affidavit are various documents which Hess claims are either business records of Multnomah County or specifically referred to in the declarations of Hess and her coworkers. While many of the documents may be business records under FRE 803(6), they have not been qualified as such by an affiant with personal knowledge. Hess appears to erroneously believe that such records are admissible simply because they have been produced by defendants during discovery.

Hess is correct that many of the exhibits are referred to in the declarations of Hess and her coworkers (Exhibits B, C, U, V, Y, Z, AA, CC and H). However, many are not (*eg* Exhibit D). Furthermore, the declarants' specific references to exhibits are often just notations to "see" a particular exhibit and are not supported, as required by FRE 901, with testimony that the witness has personal knowledge that the document is what it purports to be.

■ However, "[w]hen a party opposing summary judgment fails to comply with the formalities of Rule 56, a court may choose to be somewhat lenient in the exercise of its discretion to deal with the deficiency," provided that "discretionary leniency does not stretch so far that Rule 56(e) becomes meaningless." *School District No. 1J, Multnomah Cty. v. ACandS,* 5 F.3d 1255, 1261 (9th Cir.1993). Here, some of the exhibits clearly are within Hess's personal knowledge, such as her employment application (Exhibit P), discrimination complaint (Exhibit M), performance appraisals (Exhibits Q–W), correspondence to her (Exhibit X), letters of support (Exhibit Y), interview that she signed (Exhibit DD), and her curriculum vitae (Exhibit II). Other exhibits clearly are within the other declarants' personal knowledge (Exhibits B, C, and Z–CC). Others have already been submitted by defendants (Exhibits M, O and HH). In addition, defendants have admitted that Tina Nguyen ("Nguyen") filed a discrimination complaint (Exhibit H). Therefore, this court exercises its discretion to consider those exhibits.

■ Exercising discretion to consider the remaining exhibits would stretch FRCP 56 to the point of becoming meaningless. Those exhibits include a document purporting to be notes of the Spencer Exit Interview (Exhibit D), which Spencer nowhere mentions in her declaration, and portions of the interview summaries by Multnomah County's Affirmative Action Office with Nguyen (Exhibits EE and FF). Hess did not submit a declaration from Nguyen to substantiate what she told someone else or to prove that certain events happened and how she felt. These exhibits are not self-authenticating under FRE 902, as Hess suggests, and are hearsay since they clearly are not based on the investigators' personal knowledge.

■ The remaining exhibits also include findings by Multnomah County's Affirmative Action Office concerning the discrimination

complaints filed by Hess, Spencer and Nguyen (Exhibits E, F, I, J and N). An agency's findings of probable cause are not necessarily admissible under FRE 403. *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999). While "an agency's determination that insufficient facts exist to continue an investigation is not *per se* admissible[,] ... [t]here is a much greater risk of unfair prejudice involved in introducing a final agency ruling ... because a jury might find it difficult to evaluate independently evidence of discrimination after being informed of the investigating agency's final results." *Id,* citing *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir.1986). In either case, however, the court is to determine the admissibility of an agency's discrimination findings by weighing the "prejudicial effect against its probative value pursuant to Rule 403." *Beachy,* 191 F.3d at 1015.

The findings by the Multnomah County Affirmative Action Office are mostly unduly prejudicial and contain hearsay. However, its decision and recommendations are not being admitted for the truth of the matter asserted. The Affirmative Action Office found "no clear and convincing evidence to substantiate [the] allegations of specific acts of discrimination," but did find, by a preponderance of the evidence, "different interpersonal treatment toward minorities and Caucasian men" and accordingly recommended three remedial measures. Exhibits E, F, I, G and N. These recommendations are probative and show that Multnomah County took no corrective action even though it was aware of "different interpersonal treatment." Therefore, this court will consider the findings and recommendations portions of those exhibits, even though they have not been qualified as a business record under FRE 803.

Accordingly, Motion 3 is granted as to Exhibits D, EE, FF, and paragraphs 42–48 and 62 (1st sentence) and as to the hearsay statements contained within Exhibits E, F, I, J and N.

## IV. *Motion 5: Inadmissibility*

Next, defendants assert that several statements, documents, and other materials submitted by Hess in opposing the motion for summary judgment are inadmissible because they: (1) are irrelevant; (2) lack foundation; or (3) are hearsay.

### A. *Relevance*

Defendants seek to strike as irrelevant the orange highlighted portions of paragraphs 1–4, 11, 12, 17h, s, 18, 19, 23, 32, 33, 43, 49 and 51–56. Hess responds that the challenged paragraphs are relevant and admissible on multiple grounds, including to prove Teschner's discriminatory conduct, pretext, other acts of misconduct, Multnomah County's awareness of Teschner's discriminatory behavior, and a continuing violation. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401.

Most of the challenged statements are clearly relevant, such as Hess's race, background (¶¶ 1–4), job performance (¶¶ 11–12, 17h, s), and observations of others (¶¶ 19, 23), as well as Spencer's and Lim's observations of Hess and interactions with Teschner (¶¶ 18, 32h, 33, 49 and 51–56). The only statement which is not relevant is the portion of paragraph 43 highlighted in orange relating to Nguyen's employment, which is stricken.

### B. *Foundation*

Defendants seek to strike for lack of foundation the green highlighted portions of paragraphs 15, 17b, f, j, k, m, u, v, y, z, bb, dd, ee, jj, 20, 26, 29–33 and 49. Hess responds that her statement of facts are based on personal knowledge and are supported by the requisite foundation contained in her exhibits or the defendants' exhibits. Generally, documents are admissible if there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." FRE 901(a).

Many of the challenged paragraphs are based on the personal knowledge of a declarant, including Teschner. Yet, some of Hess's statement of facts are mere conclusions or

**408**

beliefs and lack a factual foundation. For example, Hess provides no foundation for her conclusions that "Teschner is not being truthful" (¶ 17f) or that "there was no legitimate reason for Teschner becoming angry" (¶ 17j) or that Teschner treated Caucasian employees better (¶ 17m). Accordingly, this court strikes the green highlighted portions of the paragraphs 15, 17b, f, j, m, u, v, y, z, bb, ee, jj and 20.

### C. *Hearsay*

Lastly, defendants seek to strike as inadmissible hearsay the blue highlighted portions of paragraphs 17h, hh, 22, 24, 34, 42, and 57–59. Hess responds that the challenged paragraphs are based on observation or experience, admissions, fall under the business records exception, or show motive and are thus not hearsay.

Some paragraphs contained within Hess's statement of facts are hearsay and do not meet any exception. For example, paragraph 42 relies on plaintiff's Exhibit D, notes taken over the phone by an unidentified source regarding statements by Spencer. However, others fall within exceptions to the hearsay rule, such as motive or knowledge (¶¶ 17hh, 24 and 57–59). Accordingly, this court strikes the blue highlighted portions of paragraphs 17h, 34 (second sentence) and 42.

### *ORDER*

For the reasons stated above, defendants' Motions to Strike (docket # 37) are GRANTED IN PART and DENIED IN PART.