■ JAIME HARLOCK et al., Appellants, v SCOTT KAY, INC., Respondent, et al., Defendants. [787 NYS2d 303]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 18, 2004, which, upon an order, same court and Justice, entered April 22, 2004, granting defendants' motion for summary judgment and denying plaintiffs' cross motion for partial summary judgment as to liability, dismissed the complaint, unanimously reversed, on the law, with costs, the judgment vacated, the motion denied, the cross motion granted, and the matter remanded for a determination of plaintiffs' damages. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs, a professional model (Harlock) and her management company (Click), seek damages for defendant's alleged use of photographs of Harlock in breach of the parties' agreements and in violation of Harlock's rights under Civil Rights Law § 51. Defendant moved for summary judgment based on a form bearing the heading "Model's Release" that had been signed by Harlock and a representative of defendant in connection with each of the two modeling sessions at issue. Neither of these forms constitutes an enforceable contract, however, as the spaces for the insertion of essential terms were not filled in (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 590 [1999]). In particular, the forms do not specify the authorized mode of usage of Harlock's likeness, the territory outside the United States (if any) in which usage is authorized, or the period during which usage is authorized. Moreover, while each form purports to grant rights for the use of a single unspecified "photograph or likeness," multiple photographs were taken at each session. Accordingly, Supreme Court erred in granting defendant summary judgment dismissing the complaint.

Supreme Court also erred in denying plaintiffs' cross motion for partial summary judgment as to liability, since defendant failed to controvert plaintiffs' submissions establishing the terms of the agreements regarding the subject photographs and defendant's usage of the photographs in violation of those terms. In this regard, we note that an employee of Click submitted an affidavit stating that she and defendant's representative negotiated the agreement for each modeling session at issue. The Click employee attested that, as corroborated by invoices Click subsequently sent to defendant (which defendant paid), defen-

dant was authorized to use the photographs from each session for one year from the date of the invoice, and only for advertising in bridal magazines. In view of defendant's failure to submit an affidavit by a person with knowledge controverting the affidavit of the Click employee, plaintiffs were entitled to partial summary judgment in their favor as to liability. Contrary to defendant's assertion that there is no basis for a finding of contractual privity between itself and Click, such privity is established by defendant's undisputed payment of the service charge set forth on each invoice, which charge, according to the uncontroverted explanation of the Click employee, reflected Click's commission. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.