Ting JI, Plaintiff,

v.

BOSE CORPORATION and White Packer, Inc., Defendants.

Civil Action No. 06–10946–NMG.

United States District Court, D. Massachusetts.

Feb. 13, 2008.

David K. Friedland, Jaime S. Rich, Mark E. Stein, Lott & Friedland, P.A., Coral Gables, FL, Mark Schonfeld, Diane A.D. Noel, Burns & Levinson LLP, Boston, MA, Michael Schlesinger, Law Offices of Michael J. Schlesigner, Miami, FL, for Plaintiff.

Amy L. Brosius, Gregory A. Madera, Fish & Richardson, Mark D. Robins, Michael R. Scott, Nixon Peabody, LLP, Boston, MA, Juanita R. Brooks, Fish & Richardson P.C., San Diego, CA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff, Ting Ji ("Ji") is a model whose image was used in advertising home theater equipment. She sues the maker of the equipment for false endorsement, violations of her rights of publicity and privacy and unfair and deceptive trade practices. Before the Court are 1) the defendant's motion for summary judgment on the Lanham Act false endorsement claim, 2) the plaintiff's motion for partial reconsideration of this Court's ruling on

her motion to compel discovery and 3) the plaintiff's motion to extend deadlines.

## I. *Background*

Ms. Ji was photographed by employees of the defendant White Packert ("White"). Those photographs were purchased by the defendant, Bose Corporation ("Bose") for use in advertising its products. Ji alleges that, among other things, Bose's use of the photographs constitutes a false endorsement, i.e. a misleading use of her likeness that constitutes an infringement of the Lanham Act. Bose contends that because she is not a celebrity she is not in a position to assert such a claim. The "false endorsement" theory is a specific form of trademark infringement in which the plaintiff's identity is her mark. Bose asserts that 1) its consumers have no knowledge of Ji's identity which cannot, therefore, be a source of confusion for them and 2) this claim fails as a matter of law.

In a memorandum and order dated January 31, 2008, this Court allowed, in part, and denied, in part, Ji's emergency motion to compel production. Ji sought production of, among other things, Bose's financial records relating to the products as to which her image was used in advertisements and packaging. Because such information is relevant only to her Lanham Act claim, this Court stayed production of those documents pending resolution of Bose's motion for summary judgment on that claim which is addressed in this memorandum.

## II. *Analysis*

### A. **Bose's Motion for Partial Summary Judgment**

#### 1. **Summary Judgment Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991)(quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

#### 2. **Lanham Act Claim**

Section 43(a) of the Lanham Act provides, in relevant part, that

Any person who ... uses in commerce any word, term [or] name ... which—

(A) is likely to cause confusion ... or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods ...

shall be liable.

15 U.S.C. § 1125(a). Claims brought under this section are traditionally referred to as "false sponsorship" or "false endorsement" claims and are traditionally limited to celebrity plaintiffs. *See Parks v. La-Face Records,* 329 F.3d 437 (6th Cir.2003). Because the courts of the First Circuit have not addressed "false endorsement" claims directly, this memorandum will rely on persuasive authority from other circuits. In particular, the Ninth Circuit Court of Appeals has applied a variation on the traditional likelihood-of-confusion factors to false endorsement claims. It evaluates such claims in terms of:

1) the level of recognition that the plaintiff has among the segment of society for whom the defendant's product is intended,

2) the relatedness of the fame or success of the plaintiff to the defendant's product,

3) the similarity of the likeness used by the defendant to the actual plaintiff,

4) evidence of actual confusion,

5) marketing channels used,

6) likely degree of purchaser care,

7) defendant's intent on selecting the plaintiff and

8) likelihood of expansion of product lines.

*Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1007–08 (9th Cir.2001), *cited in McBee v. Delica Co., Ltd.,* 2004 WL 2634465 (D.Me. Aug.19, 2004).

### 3. Application

■ Bose's motion for partial summary judgment asserts repeatedly that a false endorsement claim simply does not lie where the plaintiff is not a celebrity. Ji responds that the statute does not limit itself by its own terms to "celebrities" but agrees that the modified likelihood-of-confusion factors identified in *Downing* should govern this claim. Therefore, this memorandum will address those eight factors, briefly, *seriatim.*

### A. Level of Recognition

■ The level of recognition factor operates in a manner analogous to the "strength of mark" factor in ordinary trademark analysis. The "mark" allegedly infringed is a plaintiff's public image, so the power of that image is the first factor that a plaintiff must prove in order to prevail. As the Ninth Circuit observed in an earlier case,

If Vanna White [the plaintiff] is unknown to the segment of the public at whom Samsung's[the defendant's] ad was directed, then that segment could not be confused as to whether she was endorsing Samsung's product.

*White v. Samsung Elecs. Am., Inc.,* 971 F.2d 1395, 1400 (9th Cir.1992). Therefore, only if Ji can prove that Bose's target audience was familiar with her personally can she prevail in this case.

Ji has provided no direct evidence that she enjoys any fame whatsoever. In support of her claim, she refers to her full-time work as a professional model and to the fact that she has appeared on multiple occasions in other advertisements for high-end electronic products. Bose counters that her income from modeling ($19,500 per year) and the dearth of news accounts mentioning her name demonstrate that she has no meaningful public identity.

The question before the Court at the summary judgment stage is whether there exists any "genuine issue of material fact" as to whether Ji's "mark" (her identity) is strong enough to warrant protection. Even with that low bar, plaintiff's hurdle is short. She asks the Court to infer from her appearance in three advertisements within an industry, and "numerous" others in related fields, that the target audience for Bose home theater systems recognizes her personally. That is not a credible inference and this factor favors Bose.

## B. Relatedness of Fame to Product

The second factor is the question of how closely the plaintiff's fame, such as it is, relates to the product being advertised. The importance of this factor is clearly undermined by the conclusion in the preceding section that Ji has no meaningful fame. Absent such fame the question of whether it is related to the defendant's product lacks gravitas.

To whatever extent Ji does allege that she has earned recognition among Bose's target audience, it does not arise from any connection to Bose in particular or to stereo systems in general. Ji alleges, without support, that she "has been sought after by electronics companies for various advertisements" but that allegation, even if proven, is insufficiently specific to support weighing this factor in her favor. Previous instances in which the relatedness factor has been found to favor plaintiffs include a surfing-themed advertisement in which the plaintiff was a professional surfer and a basketball-themed advertisement featuring the image of a Harlem Globetrotter. *Downing v. Abercrombie & Fitch,* 265 F.3d 994 (9th Cir.2001); *Lemon v. Harlem Globetrotters Int'l, Inc.,* 437 F.Supp.2d 1089 (D.Ariz.2006). Because Ji is a model in no direct way professionally affiliated with the electronics or home-the-

ater industry, what fame she has is unrelated to the product in question and this factor favors Bose.

## C. Similarity of Likeness

Because the images in question are actual photographs of the plaintiff, this factor weighs in her favor. Bose points out that the photographs were taken from the side and from behind, so that her face is partly obscured, but the fact remains that the images are photographic likenesses and this factor, therefore, favors Ji.

## D. Evidence of Actual Confusion

Ji concedes that she can provide no evidence of actual confusion. In lieu of contesting that point she notes, correctly, that actual confusion is not a prerequisite to a finding of likelihood of confusion. Indeed, this is only one factor of eight that the Court considers but that does not alter the fact that this factor favors Bose.

## E. Marketing Channels Used

Bose advertises its products using magazines and other print media; Ji's work has appeared extensively in those media as well. Bose emphasizes that, in addition to print advertisement, it focuses on point-of-purchase displays in Bose stores and at authorized retailers. It also notes that the magazines in which Ji has appeared are not those in which it advertises. The effort by Bose to narrow the definition of its "marketing" channels cannot, however, overcome the similarity of such channels, illustrated by the fact that Ji was, in fact, hired to appear in a Bose advertisement. This factor favors Ji.

## F. Likely Degree of Purchaser Care

A greater degree of care exercised by purchasers of the defendant's product generally indicates a lesser likelihood of confusion. *Lemon,* 437 F.Supp.2d at 1098. The

theory is that a consumer paying close attention to the attributes of a product will less likely be influenced by the impact of a false endorsement. Bose claims that because its customers are sophisticated and its products are expensive those customers typically exercise great care in making their purchases. Ji does not contest that point, instead asserting that her "association with luxury, premium goods" is sufficient to create a genuine issue of fact with respect to confusion. That claim relates more to the first factor, level of recognition in the relevant market, than to the degree of purchaser care in buying high-end home theater devices and stereo equipment. This factor favors Bose.

### G. Defendant's Intent

If there is evidence that the defendant intended to profit by creating confusion among consumers with respect to whether the plaintiff had endorsed its products, that is relevant to the determination of the likelihood of confusion as well. Here, Ji asserts that she has alleged facts to support an inference that Bose so intended but does not specify what facts they are. Even viewed in the light most favorable to the plaintiff, there is nothing in the record to support such an inference. The absence of her name, the angles of the photographs, and the emphasis on the products rather than on the plaintiff all clearly demonstrate that the advertisements in question were intended to focus attention on the product and not on any alleged endorsement. This factor favors Bose.

### H. Likelihood of Expansion of Product Lines

Finally, Ji asserts that there is some possibility that she may have an opportunity to endorse a competing electronics company in the future and she may be overlooked for that endorsement or advertisement because of her apparent endorsement of Bose. It does not appear that Ji has ever endorsed any product in the past nor does she offer any specific information about the prospect of doing so in the future. There is no significant likelihood that she will "expand" her product line in this manner and this factor favors Bose.

### 4. Conclusion

Of the eight factors a Court must consider in evaluating a false-endorsement claim only two favor the plaintiff: similarity of likeness and similarity of marketing channels. Although the analysis is not a simple matter of tallying factors on each side, the favorable factors are far outweighed by the absence of any meaningful level of recognition or improper intent by Bose, along with the high degree of consumer care. In sum, Bose has demonstrated that there is no genuine issue of material fact regarding the likelihood of consumer confusion. Because the likelihood of confusion is an essential element of the Lanham Act claim, Bose's motion for partial summary judgment will be allowed. *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir.2001).

### B. Plaintiff's Motion for Reconsideration (Docket No. 81)

Ji notes that this Court has stated its intention to order production of Bose's financial documents only in the event her Lanham Act claim survives and states that they are relevant also to her Florida state law cause of action. The Florida statute entitles her, if she prevails, to "a reasonable royalty". Fla. Stat. § 540.08. She then refers to several patent-law cases defining a "reasonable royalty" in terms of the defendant's profits. *E.g. Univ. Computing Co. v. Lykes–Youngstown Corp.*, 504 F.2d 518 (5th Cir.1974). Bose counters by pointing out that Florida courts

have routinely interpreted the statute in question to allow a "royalty" in the amount of compensatory damages, to which its financial information is irrelevant. *E.g. Weinstein Design Grp., Inc. v. Fielder,* 884 So.2d 990 (Fla.Dist.Ct.App.2004). Bose has the better of this exchange and the motion for reconsideration will be denied.

### C. Plaintiff's Motion to Enlarge Deadlines

Plaintiff moves, as well, for an extension of the relevant discovery deadlines in light of the Court's disposition of the emergency motion to compel. She has provided a list of suggestions, amounting to a ninety-day extension of all deadlines. In the interest of providing the parties with a full and fair opportunity to complete all necessary discovery without unduly delaying the resolution of this action, the deadlines will be extended by sixty (60) days, as set forth in the order below.

### ORDER

In accordance with the foregoing, the defendant's motion for partial summary judgment (Docket No. 43) is **ALLOWED.** The plaintiff's motion for reconsideration (Docket No. 81) is **DENIED** and her motion for enlargement of deadlines is **ALLOWED,** in part, and **DENIED,** in part. This case will proceed according to the following discovery schedule:

1) Fact depositions will be completed on or before April 12, 2008;

2) Expert depositions will be completed on or before May 9, 2008;

3) Dispositive motions will be filed on or before May 9, 2008 and responded to on or before May 23, 2008;

4) The final pretrial conference will be held on Thursday, June 26, 2008, at 3:00 p.m.;

5) Trial will commence on Monday, July 14, 2008, at 9:00 a.m.

**So ordered.**