**Ting JI, Plaintiff,**

v.

**BOSE CORPORATION and White Packert, Inc., Defendants.**

Civil Action No. 06–10946–NMG.

United States District Court,
D. Massachusetts.

June 19, 2008.

218

Juanita R. Brooks, Fish & Richardson P.C., San Diego, CA, Amy L. Brosius, Michael S. Forman, Maria Raia Hamilton, Gregory A. Madera, Stephen A. Marshall, Christina McDonough, Fish & Richardson P.C., Mark D. Robins, Michael R. Scott, Nixon Peabody, LLP, Boston, MA, for Defendants.

David K. Friedland, Jaime S. Rich, Mark E. Stein, Lott & Friedland, P.A., Coral Gables, FL, Diane A.D. Noel, Mark Schonfeld, Burns & Levinson LLP, Boston, MA, Michael Schlesinger, Law Offices of Michael J. Schlesinger, Miami, FL, for Plaintiff.

**MEMORANDUM & ORDER**

GORTON, District Judge.

The plaintiff, Ting Ji ("Ji") is a model whose image was used in advertising home theater equipment. She sues White Packert, Inc. ("White"), the photographer who took the disputed images, and Bose Corporation ("Bose"), the maker and advertiser of the equipment, for violations of her rights of publicity and privacy and for unfair and deceptive trade practices. Bose has asserted a third-party complaint for indemnification and contribution against White. Before the Court are the following motions for summary judgment: 1) Bose's motion on all remaining claims, 2) White's motion on Ji's claims against it and 3) White's motion on all counts of Bose's third-party complaint.

## I. *Background*

Ji, the model, was photographed extensively by the defendant White. The resulting photographs were purchased by the defendant Bose for use in advertising its products. The dispute arises out of the fact that Ji executed two separate documents on the day of the photo shoot which contain conflicting provisions with respect to the rights Ji granted to White. The extent of the rights granted affects, in turn, the rights White later assigned to Bose and those Ji retained.

The first document that Ji signed was a Payment Voucher ("the Voucher") purporting to prohibit, among other things, the use of the photographs in "packaging [or] point of purchase displays". Later, on the same day, Ji signed an Adult Release ("the Release") which authorizes White and its assigns, i.e. Bose, to use the photographs "through any media ... for any purpose whatsoever". Ji asserts that the Voucher controls while Bose contends that the Release trumps the Voucher.

It is undisputed that Bose has made use of the photographs in violation of the terms of the Voucher, if those terms are

effective, and the sole point of contention is which of the two documents constitutes a binding contract between the two parties.

Ji's Amended Complaint asserts four counts against Bose: Lanham Act false endorsement (Count I), a Florida statutory right to publicity (Count II), a common law right to privacy (Count III) and a violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A")(Count IV). It also contains two counts against White for violations of the Lanham Act (Count V) and Chapter 93A (Count VI). This Court allowed Bose's motion for partial summary judgment against Ji on Count I, the Lanham Act claim, in a Memorandum and Order dated February 13, 2008, 538 F.Supp.2d 349 (Docket No. 86).

## II. *Analysis*

### A. Summary Judgment Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991)(quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### B. Bose's Motion for Summary Judgment

#### 1. The Underlying Causes of Action

The pursuit of this motion for summary judgment has been somewhat unconventional. As noted above, three of plaintiff's claims against Bose survive its earlier motion for summary judgment: 1) a right to publicity under Florida Statutes, § 540.08, 2) a common-law right to privacy and 3) an assertion of unfair and deceptive trade practices in violation of Chapter 93A. The memoranda in support of and in opposition to that motion make only passing reference to those three causes of action. Bose asserts, and Ji agrees, that the claims "hinge on" a question of contract formation and interpretation. Each memorandum of law then focuses exclusively on the question of which form, the Voucher or the Release, governs Bose's rights with respect to the photographs taken by White.

The mechanism by which the underlying statutory and common-law rights are determined is as follows. Bose alleges that 1) in exchange for a $1,000 fee, Ji granted to White (and, by assignment, to Bose) the

right to use the subject photographs for "any purpose whatsoever" and 2) that grant constitutes a waiver of any and all rights that she may be asserting in this case. When Ji agrees, in her opposition to the motion for summary judgment, that the case turns on contract interpretation, she apparently endorses that analysis and concedes that if the Release controls, her claim fails. That reasoning is sound. As will be discussed below, however, genuine issues of material fact remain with respect to which document governs their relationship.

### 2. Contract Analysis

If the terms of a contract are plain on its face, its interpretation is a matter of law for the Court. Similarly, if any ambiguities can be resolved by unequivocally one-sided extrinsic evidence, the analysis remains in the province of the Court rather than the jury. *Den Norske Bank AS v. First National Bank of Boston*, 75 F.3d 49, 52–53 (1st Cir.1996). Where, however, the contract is ambiguous and the parties offer conflicting extrinsic evidence, that conflict is to be resolved by the finder of fact. *Id.*

In this case, the terms of the contract between the parties are ambiguous. Neither the Voucher nor the Release purports to be the complete agreement between them. Each includes terms of release and those terms are inconsistent. The Voucher states both that it supersedes any subsequent release and that it is invalid if incomplete.

Furthermore, each party 1) proffers extrinsic evidence in support of its theory of the case, 2) has retained an expert witness and 3) offers testimony of at least one of the models present at the subject shoot. Ji will testify on her own behalf, as will the other model who appears in the subject photographs but Bose will counter with statements made by Ji in a previous, unrelated lawsuit. That there is a genuine issue of material fact which must be resolved by a jury is abundantly clear. *Id.*

The legal argument of Bose in favor of its motion rests on the undisputed point that a contract requires a "meeting of the minds" and the more controversial assertion that the Voucher did not constitute a contract at all. Viewing the Voucher and the Release together, however, it is simply unclear from the face of the documents to what terms the parties agreed. Notwithstanding Bose's protestations to the contrary in its Reply, the Voucher does provide terms of usage and duration of release. The uncompleted blanks to which it refers render the form ambiguous but not silent with respect to material terms.

Bose relies heavily on the asserted similarities between this case and *Harlock v. Scott Kay Inc.*, 14 A.D.3d 343, 787 N.Y.S.2d 303 (N.Y.App.Div.2005). In *Harlock*, a New York state court found that a modelling release form with uncompleted blanks did not constitute a contract between the model and the photographer. The procedural posture of that case limits its usefulness in the present proceeding, however, because the Court made that observation in the course of reversing the trial court's allowance of summary judgment for the defendant photographer and awarding partial summary judgment to the plaintiff on the strength of her uncontroverted extrinsic evidence. *Id.* at 344, 787 N.Y.S.2d 303. Because the extrinsic evidence in this case is in conflict, summary judgment for either side is inappropriate.

### C. White's Motion for Summary Judgment against Ji

White correctly notes that the analysis of Ji's Lanham Act claim against Bose in the Court's Memorandum and Order dated

February 13, 2008 (Docket No. 86), is equally applicable to her Lanham Act claim against White. Although White did not join Bose's motion for summary judgment when it was filed, it moves for summary judgment on Count V, the Lanham Act claim against it, on those grounds now. The motion will, with respect to that claim, be allowed for the reasons set forth in the Court's prior Memorandum and Order.

Because the parties have agreed that the Chapter 93A claim in Count VI turns on the same contract law analysis discussed above, the outcome is the same. The ambiguous forms were provided to Ji by White and it may, therefore, be found liable for Bose's alleged misuse of the subject photographs.

### D. White's Motion for Summary Judgment against Bose

In its Third Party Complaint against White, Bose asserts that, in the event Ji prevails, it is entitled to indemnification and contribution by White. The Third Party Complaint asserts three counts: 1) indemnification, 2) breach of contract and 3) misrepresentation. White moves for summary judgment on all three counts.

█ White's first contention is that Ji's claims against Bose have no merit, thus rendering moot the claims of Bose against White. Bose's motion for summary judgment against Ji will be denied, however, thereby negating the basis for White's motion against Bose. Because White offers no other arguments in support of its motion for summary judgment on Counts II and III of Bose's Third Party Complaint, the motion will be denied with respect to those counts.

█ White urges next that it is not liable for indemnification. The basis for the indemnification claim is allegedly Paragraph 11 of the Purchase Terms between White and Bose which states in relevant part that

> Seller [White] shall defend at its own expense any suit brought against Buyer [Bose] based on a claim that Seller's goods infringe on any patent, copyright or other intellectual property right, and shall pay all costs and damages awarded therefrom.

White denies that any of Ji's claims against Bose assert any "intellectual property right" and asserts that the indemnification clause does not, therefore, apply. Bose counters that Ji's claim based on her right to publicity implicates an intellectual property right. Although this Circuit has not apparently classified the right to publicity as an intellectual property right (nor as a non-intellectual property right), Bose's authority from other circuits which have so classified it is persuasive. *See, e.g., Almeida v. Amazon.com, Inc.,* 456 F.3d 1316, 1323 (11th Cir.2006). White's motion for summary judgment on Count I, indemnification, will be denied.

### ORDER

In accordance with the foregoing, White's motion for summary judgment against Ji (Docket No. 103) is, with respect to the claim of a Lanham Act violation (Count V), **ALLOWED** but is, otherwise, **DENIED.** The motions for summary judgment of Bose against Ji (Docket No. 100) and of White against Bose (Docket No. 107) are **DENIED.**

**So ordered.**