Thomas A. **STRUZZIERO**, Plaintiff,

v.

**LIFETOUCH NATIONAL SCHOOL STUDIOS, INC.,** Defendant.

Civil Action No. 07–10255–NMG.

United States District Court,
D. Massachusetts.

Dec. 4, 2009.

Warren D. Atlas Atlas & Atlas PC, Bedford, MA, for Plaintiff.

Erika M. Collins, David S. Rosenthal Nixon, Nixon Peabody, LLP, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Thomas Struzziero ("Struzziero") brought suit against defendant Lifetouch National School Studios, Inc. ("Lifetouch") for breach of contract, fraud and deceit and conversion. Before the Court is Lifetouch's motion for summary judgment.

### I. *Factual Background*

This is an employment dispute between Lifetouch and its former salesman, Struzziero, over alleged, past-due commission payments. In June, 1996, Lifetouch acquired Struzziero's former employer, O'Connor Studios, and hired him as a sales representative. He was primarily responsible for selling photography packages to students attending schools in Massachusetts.

When he was hired, Struzziero entered into an Employment Agreement which describes terms of compensation in Exhibit A. The Exhibit provides that "[f]rom the Effective Date until June 30, 1997", compensation will be pursuant to a detailed commission structure that includes 20 percent of "Margin of Profit" on sales. The Exhibit also states that

> After June 30, 1997, Employee's compensation shall be that determined by Lifetouch from time to time consistent with its usual business practices.

In 1997, after his first year, Struzziero was transferred to a territory managed by Lee–Ann Correnti ("Correnti"). At that time, he and his territory manager signed a document entitled "Compensation Structure for Tom Struzziero for Fiscal Year 97/98" ("the 97–98 Agreement"). The document states that

> commission structures are still being worked out … [but] you will be guaranteed to earn the same amount of money as fiscal 1996/1997 as long as you maintain the same amount of business…. This coming year, we will mutually agree upon a commission structure.

The referenced documents and, more precisely, the structure of Struzziero's commission during the period of his employment by defendant are the issues in this case.

On April 16, 2004, Struzziero resigned from Lifetouch. Despite non-compete clauses in his Employment Agreement, he apparently began working immediately at Hockmeyer O'Connor Studios, a competitor of Lifetouch.

### II. *Procedural History*

Struzziero filed suit in Massachusetts state court on January 5, 2007. Citing diversity jurisdiction, Lifetouch removed the case to this Court on February 9, 2007. On June 10, 2009, Lifetouch moved for summary judgment on all three counts. After an extension of time, Struzziero filed his opposition on July 31, 2009 and, with leave of court, Lifetouch filed a reply on August 14, 2009. This Court heard oral argument on the motion on Tuesday, November 17, 2009.

### III. *Analysis*

#### A. Summary Judgment Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*,

895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

## B. Breach of Contract

Count I of Struzziero's complaint is for breach of contract. He contends that

> his compensation formula was to be as set forth in Exhibit A of his original Employment Agreement until such time as it was replaced by another mutually agreed upon structure.

Because no other agreement was entered after 1998, plaintiff asserts that Exhibit A governed his compensation. Lifetouch allegedly did not compensate Struzziero according to Exhibit A and, therefore, breached the contract.

Lifetouch moves for summary judgment on several grounds. First, it asserts that claims for commissions from 2000 to 2003 are barred by the statute of limitations under Minnesota law, which governs the contract. Second, with respect to 2003–2004 commissions, Lifetouch contends Struzziero's claim is without merit because 1) there was no agreement on compensation terms after 1998 and thus no contract to be breached and 2) Struzziero cannot prove damages with any degree of certainty.

Struzziero's responds by asserting various factual disputes which, if established, would preclude summary judgment. He apparently contends that Correnti told him that he would be paid under Exhibit A until otherwise notified and that no alternative compensation structure was ever agreed upon. With respect to the statute of limitations, Struzziero argues that it should be tolled.

■ Although several of Lifetouch's arguments are persuasive, the Court will allow summary judgment based upon the unambiguous text of the written agreement allegedly breached. *E.g., Michalski v. Bank of Am. Ariz.*, 66 F.3d 993, 996 (8th Cir.1995) (citing Minnesota law for the proposition that the meaning of unambiguous terms of a contract presents a question of law to be determined from the contract language alone). Exhibit A states that after June 30, 1997 compensation will be "that determined by Lifetouch from time to time consistent with its usual business practices." Thereafter, Struzziero's compensation was, in fact, determined consistent with Lifetouch practices. Struzziero's contention that his compensation should

have been calculated pursuant to Exhibit A, rather than as "determined by Lifetouch", depends upon the viability of his assertions that 1) Correnti told him as much and 2) no alternative compensation structure was ever mutually agreed upon.

Struzziero's position is untenable, however, because he cannot point to any written agreement that the formula in Exhibit A continued to govern. The Employment Agreement states that it cannot be "altered, amended, modified, or deleted except by subsequent written agreement." The only other written agreement in the record is the 97–98 Agreement which explicitly states that it was effective only through June 30, 1998 (a fact which plaintiff's counsel conceded at oral argument).

In her deposition, Correnti referred to later writings describing a commission rate of 23 % for Struzziero but those documents apparently cannot be located. In any event, plaintiff claims that the formula in Exhibit A (not 23 %) continued in effect and no known written document memorializes such a claim or refers to another formula. Thus, the terms of Exhibit A control, *see Michalski*, 66 F.3d at 996, and Struzziero's compensation after June, 1997 was to be determined from time to time in accordance with Lifetouch's usual practices. Struzziero's reliance on irrelevant "disputes of fact" is unavailing and, accordingly, summary judgment on the breach of contract count will be allowed.

## C. Fraud and Deceit

In Count II, Struzziero alleges fraud and deceit. More particularly, he asserts that Correnti made false misrepresentations about how much Struzziero would be paid in order to induce him to stay at Lifetouch and that he relied on those misrepresentations "without sufficient information to object to the amount of compensation." In his opposition to the motion for summary judgment, Struzziero appears to offer a slightly different theory of fraud, stating that Correnti falsely misrepresented to him that the compensation formula in Exhibit A would remain in effect until replaced.

Lifetouch contends that Struzziero cannot prove reliance under either theory of fraud because his own admissions defeat his claim. In particular, Struzziero testified at his deposition that each year he 1) challenged the amount he was paid, 2) complained to Correnti and 3) knew that he was not being paid in accordance with Exhibit A. With respect to the fraud claim outlined in the complaint, therefore, even if Correnti misrepresented how much Struzziero was owed, he was aware of the alleged misrepresentations and thus did not rely on them as a basis for continuing his employment. With respect to Struzziero's alternative theory of fraud, Lifetouch similarly maintains that plaintiff cannot show any reliance on the alleged statement that the terms of Exhibit A would remain in place because he knew every year that he was not being compensated in accordance with Exhibit A.

The Court will allow Lifetouch's motion because plaintiff's claim is untenable. He contends that he stayed in Lifetouch's employ in reliance on Correnti's misrepresentations about his compensation structure but actionable reliance on a fraudulent misrepresentation requires that the complaining party be unaware of the fraudulent nature of the statement. *E.g., Vision Graphics, Inc. v. E.I. Du Pont de Nemours & Co.*, 41 F.Supp.2d 93, 100 (D.Mass.1999) (citing Massachusetts law); *Jennings v. Nathanson*, 404 F.Supp.2d 380, 399 (D.Mass.2005). Here, Struzziero admits that he knew all along that he was being under compensated and, therefore, he could not have relied upon any "misrepresentations" about his compensation.

### D. Conversion

Count III of the complaint alleges conversion, claiming that Lifetouch wrongfully exercised ownership, control and dominion over Struzziero's property (i.e., unpaid wages) without justification. Lifetouch responds that this claim is invalid because 1) Massachusetts law does not recognize a claim for conversion of intangible property and 2) damages cannot be demonstrated with any certainty. Struzziero replies with the bare assertion that Minnesota law governs and thus Lifetouch's argument is "totally irrelevant and, as a result, this defense must be denied."

■■■ Lifetouch is correct that, pursuant to Massachusetts law, conversion claims do not extend to intangible property and Struzziero has not demonstrated that "an owed commission or similar debt is the kind of 'personal property' required to support this theory." *Discover Realty Corp. v. David*, No. 1520, 2003 WL 22387138, at *3 (Mass.App.Div. Oct. 14, 2003) (requiring intangible commissions to merge with some sort of document like a bankbook to support a theory of conversion). Struzziero's response is unavailing because Minnesota law governs only the contract claim and, in any event, it defines conversion in a manner similar to Massachusetts. *See Bloom v. Hennepin County*, 783 F.Supp. 418, 440–41 (D.Minn.1992) (stating that Minnesota courts have not directly addressed the issue but reasoning that they would similarly limit conversion to intangible rights that are customarily merged in or identified with some document). The Court will, therefore, allow summary judgment on the conversion count.

### E. Local Rule 7.1(a)(2)

Struzziero finally contends that Lifetouch's motion for summary judgment should be denied because it did not file a certification pursuant to Local Rule 7.1(A)(2). That argument is without merit. As Lifetouch argues, counsel conferred throughout this case, held a settlement conference about one year ago and another conference was, therefore, likely to be futile. Moreover, although parties should always comply with the Local Rules, the Court declines to decide the pending motions based on such grounds. *See Edwards v. New England Tel. and Tel. Co.*, 86 F.3d 1146 (1st Cir.1996) (citing *Gerakaris v. Champagne*, 913 F.Supp. 646, 651 (D.Mass.1996)).

### ORDER

In accordance with the foregoing, defendant's motion for summary judgment (Docket No. 18) is, as to all counts, **ALLOWED.**

**So ordered.**